UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20352-KMW

UNITED STATES OF AMERICA

vs.

THOMAS ISAAC LAFLEUR,

    **Defendant.**

_____/

## ORDER DENYING MOTION FOR NEW TRIAL

This matter is before the Court on the Defendant's Motion for a New Trial [DE-40]. Defendant moves for a new trial pursuant to Federal Rule of Criminal Procedure 33, which provides that a court may "grant a new trial if the interest of justice so requires." Defendant seeks a new trial based on several evidentiary rulings, which Defendant maintains prevented him from presenting his defense and were unduly prejudicial. Defendant, however, has not shown that he is entitled to a new trial. Consequently, his motion is denied.

Defendant was charged with a violation of the National Firearms Act (the Act), specifically, possessing a firearm that was not properly registered to him in the National Firearms Registration and Transfer Record. After a jury trial, Defendant was found guilty. Defendant's motion is based on the third element of the crime, as set out in the jury instructions: "Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record." Defendant maintains that he was prevented from presenting his defense of lack of knowledge and that the admission into evidence of several guns and ammunition magazines was unduly prejudicial.

Defendant contends that he was precluded from arguing his lack of knowledge.

Defendant wanted to argue at trial that the element at issue required knowledge of two things: knowledge of the specific characteristic of the firearm that made it subject to registration and knowledge of the registration requirement. However, the case law is clear that the only requirement is knowledge of the specific characteristic of the firearm that made it subject to registration; knowledge of the registration requirement is not an element of the crime. *See United States v. Owens*, 103 F.3d 953, 956 (11th Cir. 1997) (holding that knowledge that a firearm must be registered under the Act is not an element of the crime). Defendant never offered any authority to the contrary or any authority establishing that ignorance of the law is a defense to the crime charged. Thus, whether Defendant knew of the Act or the registration requirement is irrelevant to the crime at issue and would not constitute a valid defense. Consequently, Defendant's inability to present evidence to support his lack of knowledge defense is not a valid basis for a new trial.

Defendant also maintains that he was unduly prejudiced by the admission of several ammunition magazines, a .45 caliber pistol, and the admission of a shotgun. In his motion, Defendant argues that none of this evidence was "material or relevant to prove or disprove any material fact at issue." As discussed in more detail below, the admission of these items was relevant to prove facts at issue. Accordingly, the Court did not err in admitting this evidence and their admission does not provide a reason to grant a new trial.

The Government had the burden of proving that Defendant had knowledge of the forward grip on the Kel-Tec, which was the basis for the crime charged. The ammunition magazines, the .45 caliber pistol, and the shotgun all provided circumstantial evidence that Defendant had firearm knowledge and would, thus, have knowledge of the forward grip that made the Kel-Tec

subject to registration under the Act. The .45 caliber pistol not only was relevant to explaining the circumstances of Defendant's arrest but also showed that Defendant had knowledge of pistols, which the Kel-Tec had been before modification. The ammunition magazines were also relevant to Defendant's knowledge of firearms because they were not standard size for the Kel-Tec and, thus, showed that Defendant knew that the Kel-Tec could be modified. Therefore, the magazines showed not only awareness of firearms but also awareness of modifications to the firearm at issue. Finally, the shotgun was not initially admitted into evidence as part of the Government's case in chief. However, when Defendant took the stand, he testified about the shotgun and about moving different firearm accessories between his various firearms. Defendant testified that he moved the scope of the shotgun onto the Kel-Tec. Only after this testimony was the shotgun admitted into evidence. This testimony and the shotgun were relevant to Defendant's knowledge of firearms and their modification and the shotgun was admitted only after Defendant's own testimony made it relevant. Consequently, these evidentiary rulings do not require a new trial.

Lastly, Defendant also maintains that testimony about a shooting in the neighborhood also should not have been admitted and justifies a new trial. "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. McClean*, 138 F.3d 1398, 1403 (11th Cir. 1998) (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir.1985)). The testimony about the shooting in the neighborhood was relevant to explain why Defendant was stopped and why the

Defendant was removed from his vehicle at gunpoint. Thus, the testimony about the shooting was relevant to the chain of events leading to the arrest of Defendant and was necessary to complete the story for the jury. Consequently, the admission of the testimony does not justify a new trial.

Accordingly, it is

ORDERED that the Defendant's Motion for a New Trial [DE-40] is DENIED.

DONE AND ORDERED in Miami, Florida, this 26th day of October, 2016.

                                                          _____
                                                          PATRICIA A. SEITZ
                                                          UNITED STATES DISTRICT JUDGE

cc:   All counsel of record